POWELL v. ROBERTSON.

1. FINDINGS OF FACT.—Where there is a conflict in the testimony taken by a referee and reported to the court, this court will rarely, if ever, disturb the findings of the Circuit Court. In this case such findings are supported by the preponderance of the evidence.

Before NORTON, J., Aiken, April, 1894.

Appeal by James Powell, defendant, against Cæsar Moore, defendant, in the case of Mary A. Powell against William Robertson, Sarah Robertson, James Powell, Robert Moore, and Cæsar Moore.

*Messrs. Croft & Chafee,* for appellant.

*Messrs. Bates & Simms,* contra.

March 29, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action to foreclose an equitable mortgage held by her against the defendants, Wm. and Sarah Robertson, and the other defendants were made parties as having or claiming some interest in the mortgaged premises. The judgment being satisfactory to the plaintiff as well as to the two defendants against whom she prayed for foreclosure, there is no appeal upon the part of either of those parties, and, hence, that branch of the case need not be further stated or considered. The defendant, Robert Moore, however, did appeal, but as his appeal was dismissed under rules 8 and 11 of this court, it requires no further consideration. The defendant, Powell, in his answer, set up a claim for affirmative relief against his codefendant, Cæsar

Moore, and his claim having been dismissed by his honor, Judge Norton, he appeals upon the several grounds set out in .the record. This claim of said Powell was for the foreclosure of a mortgage, to which the defendant, Cæsar Moore, pleaded payment and satisfaction of the mortgage debt, which plea of payment was sustained by.the Circuit Judge.

All of the grounds of appeal taken by Powell, with the exception of the fourth, which was abandoned on the argument here, present nothing but questions of fact pure and simple, and under the well settled rule, the conclusion reached by the Circuit Judge will be accepted by this court, unless it is without any evidence to sustain it or is contrary to the overwhelming weight of the testimony. Now, it is very clear that the conclusion reached by the Circuit Judge is not without any evidence to support it, for not only Cæsar Moore himself testifies to full payment, but he also produces a disinterested witness who testifies to the same effect. It is equally clear that Judge Norton's conclusion is not against the overwhelming weight of the evidence, for, on the contrary, a careful examination of the evidence convinces us that the weight of the evidence is in favor of the view adopted by the Circuit Judge. To the explicit and positive testimony of Cæsar Moore and that of his disinterested witness, Sam Gantt, who seems to have acted as an agent for Cæsar Moore in making the settlement with Powell, the latter makes no "very clear denial," as the Circuit Judge expresses it. On the contrary, he speaks indefinitely. For example, when asked about the settlement testified to by Sam Gantt, when he, Powell, cast up the account of Cæsar Moore, and ascertained that the balance due him was $48, which was settled by his agreeing to take the horse at $55, and account for the overplus, $7, he says: "Never made any such settlement unless it was to settle open accounts, *or something that way.*"

The whole testimony of Powell impresses us as being more of an argumentative than of a positive character, and characterized by an indefiniteness which might have been made more definite by the production of his books, which he admits he kept; especially when he speaks of certain payments claimed

by Cæsar Moore to have been made on the mortgage as having been made on the open accounts. He seems to argue from the fact that he retained the possession of the mortgage, which he says was never demanded of him, though Sam Gantt testifies explicitly to the contrary, that the mortgage could not have been paid, and he argues that as it was his custom to give receipts, he could not have given one, as Sam Gantt distinctly swore he did upon the final settlement of the balance of $48, which receipt had been lost. Without noticing other instances in which there is clearly a conflict in the testimony, it is sufficient to say that where there is a conflict of testimony this court will rarely, if ever, disturb the findings below; and we certainly will not do so in this case, where we think the preponderance of the evidence was in favor of the respondents.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.